

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-2810

Re: Appropriations-College
Board has no authority to
decrease salary item for
purpose of supplementing
another salary item under
example given.

We received your letter of October 8, 1940, in which
you request our opinion with reference to itemized salaries
in House Bill No. 255, Special Laws of the 46th Legislature.

You cite as an example the amounts represented in the
appropriations to Texas Technological College and then proceed
to ask two questions in connection with this example.    The
example and questions are as follows:

| "Item Number | Amount Appropriated | Amounts Paid From General Appropriations | Local Funds |
|---|---|---|---|
| 150 | $1,620.00 | $1,800.00 | - |
| 151 | 1,620.00 | 1,800.00 | - |
| 181 | 720.00 | 350.00 | 30.00 |
| | $3,960.00 | $3,950.00 | $30.00 |

"1. Was Authority granted College Boards to de-
crease the amount appropriated under item 181 and
utilize such amount to increase the salaries in-
cluded under items 150 and 151?

"2. Is it permissible for the College Boards to
pay an increased amount to one or several positions
as shown by the appropriation bill and by decreasing
other positions or eliminating other positions thus
balancing the amounts paid with the aggregate appropria-
ted?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Beginning with Paragraph three, under subsection No. 2, General Provisions of H. B. No. 255, Special Laws of the 46th Legislature, we find the following language:

"The board of regents or directors within their discretion and with good reason may pay smaller salaries than those itemized herein.

"The board of regents or directors, within their discretion, are authorized to promote an individual on the staff to a higher position, vacated by the death or resignation of the previous incumbent at the salary provided for the higher position.

"When any additional employees other than those employed to fill the positions itemized herein are employed, and are to be paid out of said appropriations or any other funds, such employee shall not be paid larger amounts than those provided herein for similar positions in such institutions or agencies and in the event there are no similar positions within such institutions then such additional employees shall not be paid larger amounts than those provided for similar positions in other State institutions, departments or agencies." (Underscoring ours)

In paragraph two, of the above quoted provision, the governing board of an institution is authorized to increase one's salary by promoting him to a higher position, but the board is specifically limited to paying that individual "the salary provided for the higher position."

The underscored language in paragraph three clearly reveals that it was not the intention of the Legislature to permit a department head to decrease the salary item set up for one position for the purpose of increasing the funds earmarked for payment to the holder of another position. To permit this procedure would defeat the evident intention of the Legislature in itemizing and fixing the amount of such salaries.

It is therefore the opinion of this department that your first question should be answered in the negative as to the illustration cited by you and others like it.

Honorable Tom O. King, Page 3

Our answer to your first question renders an answer to your second question unnecessary.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By         Hirschie Johnson
Assistant

HJ:EP

APPROVED NOV 20, 1940

ATTORNEY GENERAL OF TEXAS



